UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEFF A. KREUSEL                                    )    5:23-CV-00080-XR

V.                                                 )

TOLTECA ENTERPRISES INC., d/b/a
THE PHOENIX RECOVERY GROUP                         )

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Tolteca Enterprises Inc., d/b/a The Phoenix Recovery Group, files this Original Answer to Plaintiff's Amended Complaint.

1. Paragraph 1 alleges that Defendant engaged in unlawful conduct. Defendant denies any and all allegations that it engaged in unlawful conduct and denies it caused damages under the Fair Debt Collection Practices Act ("FDCPA") and under the Texas Debt Collection Act ("TDCA") or under any other statute, regulation, or legal theory including any regulation of the Consumer Finance Protection Bureau, Federal Trade Commission or common law.

2, Paragraph 2 is a statement of subject matter jurisdiction for alleged federal and Texas state law claims. No specific admission or denial is necessary.

3. Defendant admits Paragraph 3 that venue is proper in the Western District of Texas.

4. As to Paragraph 4, Defendant admits that Plaintiff is a consumer. Defendant is without sufficient information to admit or deny where Plaintiff specifically resides. On information and belief, Defendant believes that Fair Oaks Ranch, Texas is within the Western District of Texas.

5. As to Paragraph 5, Defendant admits it is a collection agency. Defendant admits it is a corporation organized and existing under the laws of the State of Texas. Defendant admits that its principal place of business is at 1045 Cheever Blvd., Suite 204, San Antonio, Texas 78217.

6. As to Paragraph 6, Defendant admits that it acts through human individuals and agents to carry out its business.

7. Paragraph 7 alleges that Defendant made efforts to collect a consumer residential debt Plainitff defaulted on. Defendant is without sufficient knowledge as to whether Plaintiff's consumer debt was charged off. Defendant admits the debt account was placed with it for the purpose of lawful collection of the debt purportedly owes his creditor.

8. As to Paragraph 8, made ressponse as stated above in #7.

9. As to Paragraph 9, same response as stated for Pargraph 8.

10. As to Paragraph 10, Defendant admits to calling Plaintiff about the debt involved in this lawsuit.

11. As to Paragraph 11, Defendant assumes that Plaintiff is the subscriber and owner of a cell phone used in communications with Defendant.

12. Defendant admits Paragraph 12 regarding Defendant's phone number.

13. Paragraph 13 is admitted.

14. As to Paragraph 14, Defendant admits that Plaintiff was informed that Defendant was attempting to collect a debt.

15. As to Paragraph 15, Defendant denies that Plaintiff told Defendant not to call subject to the exception that in a last call, Plaintiff asked Defendant to not call anymore and Defendant honored the request. In the prior calls, Defendant was not told to stop calling. Therefore, Paragraph 15 admitted in part and denied in part.

16. Paragraph 16 is denied. Defendant did not harass Plaintiff with repeated phone calls. The calls were lawful, reasonable and legitimate. There were 4 calls over several weeks and were

2

temporally spaced out.

17. Paragraph 17 is denied. Defendant's phone calls were designed to collect a debt in a lawful, reasonable and legitimate manner at all times. When Plaintiff asked Defendant to stop calling, Defendant honored Plaintiff's request and did not call again. Also, at no time did Defendant try to "squeeze" money out of Plaintiff. Defendant sought to collect a legitimately owed debt only in an legitimate manner.

18. Defendant is without information to admit or deny Plaintiff's allegation in Paragraph 18 that he was frustrated and spoke with the attorney representing him in this lawsuit.

19. Defendant denies Paragraph 19 which claims that Defendant was harassing or unfair to Plaintiff.

20. Paragraph 20 is an abstract legal proposition alleging concrete harm. Defendant denies it harmed Plaintiff in any manner. Defendant denies violating any federal or state protected interests of Plaintiff. Defendant denies any invasion of privacy. Defendant denies engaging in any harassing, oppressive, and abusive debt collection conduct.

21. Defendant realleges all responses set forth in this Answer.

22. On information and belief, Defendant believes the Plaintiff is a consumer.

23. As to Paragraph 23, Defendant admits it is a debt collector.

24. As to Paragraph 24, Defendant admits that it acts as, or holds itself out, as being a debt collector and does engage in the business of debt collection.

25. As to Pargraph 25, on information and belief the debt placed for collection with Defendant by Plaintiff's creditor was a consumer debt.

26. As to Paragraph 26, Defendant denies it violated the FDCPA 15 U.S.C. Section 1692d,

section 1692d(5), or any other provision of the FDCPA and denies violating 12 C.F.R. Section 1006.14 and any related provisions. To the contrary, any communications Defendant had with Plaintiff were lawful, reasonable, and legitimate and not harassing, oppressive, deceptive, unfair, misleading, of abusive.

27. As to Paragraph 27 regarding Regulation F, Defendant's calls were presumptively fair, not harassing, and in compliance with Regulation F because Defendant only made infrequent calls over an extended span of time and the calls were not "repeatedly" or "continuously" done. Therefore, Defendant's calls are presumed to be lawful, fair, reasonable, and legitimate under Regulation F.

28. Paragraph 28 is denied. The allegation of any violation of law regarding debt collection is denied. Also, Defendant avers that Plaintiff's allegation is vague and ambiguous and fails to state with reasonable notice any factual basis supporting Plaintiff's allegation of what medium Plaintiff objected to Defendant allegedly using to communicate with Plaintiff. In any event, Defendant denies use of any medium of communication with Plaintiff that was unlawful in any manner.

29. Defendant denies Paragraph 29 and its allegations for all the reasons heretofore stated. Defendant denies it harmed Plaintiff in any manner. Defendant denies that Plaintiff articulated multiple requests for Defendant to cease and desist from contacting Plaintiff. Actually, Plaintiff would make unclear and vague statements and he would abruptly hang up the phone thus not making any intelligble and sensible responses or requests to Defendant. In fact, Plaintiff told Defendant he would pay at least 50% of the apartment debt. Consequently, Defendant did not violate Regulation F, 1006.14(b) & 14(h) or the FDCPA or any other state laws on debt collection. Also, Defendant did not violate Plaintiff's privacy.

30. As to Paragraph 30, Defendant denies the allegations that it violated 15 U.S.C. Section

1692e for all the reasons set forth in this Answer.

31. As to Paragraph 31, for all the reasons set forth in this Answer, Defendant denies it violated 15 U.S.C. Section 1692e(2)(A) and 1692e(10) or any provision of the FDCPA. Defendant denies making any false representations or engaging in any deceptive or misleading representations regarding Plaintiff.

32. As to Paragraph 32, Defendant denies violating 15 U.S.C. Sections 1692e, 1692e(2)(A), and 1692e(10). Defendant did not seek to collect any debt from Plaintiff through the use of any false, deceptive, misleading, unfair, oppressive, or unlawful means.

33. Defendant denies Paragraph 33 alleging that Defendant used unfair or unconscionable means to collect any debt from Plaintiff.

34. Defendant denies Paragraph 34 alleging that Defendant violated 15 U.S.C. Section 1692f. Defendant denies use of any unfair or unconscionable means to collect or attempt to collect any debt from Plaintiff.

As to Plaitniff's relief request, Defendant would show that Plaintiff is entitled to no relief, no damages, no statutory penalties, that Plaintiff take nothing, that this lawsuit be dismissed with prejudice, and Plaintiff should pay all costs and Defendant's costs and reimburse Defendant's attorney fees for bringing a frivolous, harassing, vexatious and bad faith lawsuit against Defendant.

35. Defendant realleges all responses asserted in this Answer.

36. As to Paragraph36, Defendant admits Plaintiff has consumer status.

37. As to Paragraph 37, Defendant admits it is a debt collector or a third party debt collector.

38. Defendant admits that Paragraph 38 has properly defined what a consumer debt is.

39. As to Paragraph 39, Defendant denies violating the TDCA and denies that Plaitniff told

Defendant not to call his cell phone except on call #4 and after call #4, Defendant did not call Plaintiff again. Therefore Defendant denies violating Tex. Fin. Code Section 392.302(d) or any related provisions of the Texas Debt Collection Act.

40. Defendant denies Paragraph 40 and denies engaging in any harassing or oppressive conduct toward Plaintiff. Defendant denies any violation of the TDCA, FDCPA and any other related provisions of law.

41. Defendant denies Paragraph 41 since it did not engage in any false representations or deceptive means to collect a debt or obtain information concerning Plaintiff.

42. Defendant denies Paragraph 42 for all the reasons set forth in this Answer.

Defendant denies that Plaintiff is entitled to any relief under the Texas Finance Code, FDCPA or under regulations of the Consumer Finance Protection Bureau. Plaintiff should take nothing, be awarded no damages or stautory penalities, and Plaintiff should pay Defendant's costs and court costs and attorney fees since this lawsuit is vexatious, harassing, frivolous and in bad faith. Plaintiff's lawsuit should be dismissed with prejudice.

43. As affirmative defenses Defendant alleges:

a. The Plaintiff has falsely claimed Defendant violated the law when it attempted to collect a debt Plaintiff legitimately owed.

b. That Plaintiff sustained no damages and there are no grounds for injunctive relief; consequently Plaintiff cannot therefore recover anything under the Tex. Fin. Code as a matter of law;

c. That Plaintiff failed to mitigate damages, if any;

d. Defendant did not cause Plaintiff any damages;

e. Any damages of Plaintiff were self inflicted;

f. That only a few calls were made which were infrequent and spaced apart in time; therefore, Defendant's conduct is presumed to be fair, reasonable, legitimate and lawful;

g. On the last call, Plaintiff informed Defedant to stop calling a request Defendant honored;

h. That Plaintiff actually offered to pay the debt and so his own conduct estops him from making or recovering on the assertions he is making in this lawsuit and this demonstrates that Plaintiff's claims are without merit and are fraudulent.

i. That Plaintiff seeks unjust enrichment by seeking to avoid paying a just and owed debt;

j. Defendant did not violate any debt collection laws, federal or state, or under the common law; and,

k. Defendant's lawsuit is without merit, frivolous, vexatious, intended to harass Defendant, and was filed in bad faith.

> S/Thomas A. Clarke
> 5802 IH 10 West
> San Antonio, Texas 78201
> 210/733-6235
> tomatty52@gmail.com

## CERTIFICATE OF SERVICE

On _March ____, 2023, Defendant filed the foregoing Answer with the court's CM/ECF electronic filing system which will give Plaintiff's attorney electronic notice of this pleading.

> S/Thomas A. Clarke